IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| KEMMIT L PRESTON, JR., | : |
| Plaintiff, | : |
| v. | : Case No. 4:25-cv-133-CDL-AGH |
| MUSCOGEE COUNTY SUPERIOR COURT, *et al.*, | : |
| Defendants. | : |

## ORDER

*Pro se* Plaintiff Kemmit L. Preston, Jr., a prisoner at Smith State Prison in Glennville, Georgia, filed a form complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the following reasons, Plaintiff must clarify the nature of his claims and pay a filing fee appropriate for those claims if he wishes to proceed with this action.

## ORDER FOR CLARIFICATION

Plaintiff's claims arise from his arrest and prosecution in Muscogee County, Georgia, Compl. 5, ECF No. 1, but the nature of his claims is not entirely clear from his pleading. Plaintiff filed his Complaint on a standard § 1983 form, but he primarily appears to challenge his state court conviction and seeks the modification of his sentence and a remand to the state court "expeditiously to correct this gross miscarriage of justice, malicious prosecution, and wrongful conviction." *See*

Compl. 7.

The two most common types of cases filed by prisoners in this Court are federal habeas corpus petitions and claims arising under 42 U.S.C. § 1983.  As a general rule, "any challenge to the Fact or Duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to Conditions of confinement may proceed under [42 U.S.C. §] 1983." *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979).[1]  In other words, "[f]ederal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez,* 411 U.S. 475, 484 (1973)).  But "when a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis v. Mosely,* 693 F.2d 1054, 1057 (11th Cir. 1982)).  A prisoner cannot obtain the dismissal of pending charges or speedier release through a § 1983 action, and he cannot seek monetary compensation in a federal habeas corpus action.  *See Preiser*, 411 U.S. at 487.

If Plaintiff is challenging a state court conviction and ultimately seeks release from custody, he should recast his Complaint on the Court's standard § 2254 form petition.  The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the § 2254 form marked with the case number for the above-captioned case that Plaintiff should use if he decides to recast his Complaint.  Because this appears to be Plaintiff's first

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

§ 2254 application challenging his Muscogee County conviction, Plaintiff is advised that the characterization of this action as a § 2254 petition will have serious consequences upon his future rights. If Plaintiff goes forward with this action as a § 2254 petition, the filing of this petition will subject any subsequent petition attacking his state conviction or sentence to the restrictive conditions that federal law imposes upon second or successive habeas petitions. *See* 28 U.S.C. § 2244(b); *see also Castro v. United States*, 540 U.S. 375, 382-83 (2003). Plaintiff must also ensure that he has exhausted his available remedies in state court before he may proceed with a federal habeas corpus petition.

If Plaintiff decides he does not wish to proceed with this action as a habeas corpus petition, he should notify the Court in writing that he wishes to proceed with this case under § 1983, and the Court will continue with its preliminary review of Plaintiff's original Complaint as required under the Prison Litigation Reform Act.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to either (1) submit a § 2254 form signaling his intent to proceed with this case as a federal habeas corpus petition, or (2) notify the Court, in writing, of his intent to proceed with this action under 42 U.S.C. § 1983.

## MOTION TO PROCEED IFP

Plaintiff also seeks leave to proceed IFP in this case. If Plaintiff decides to proceed under § 2254, the filing fee is only $5.00. Plaintiff's prison trust fund account certification shows that he has a present balance of $175.61 in his account. Inmate Account Statement 1, ECF No. 3. Plaintiff is therefore **ORDERED** to pay

the $5.00 filing fee in full if he wishes to proceed under § 2254.

If, instead, Plaintiff decides to proceed under § 1983, he does not have sufficient funds in his prison trust fund account to pay the entire filing fee. A prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's trust account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Plaintiff's prison trust fund account statement shows he had an average monthly balance of $330.10 in the six months prior to the filing of his Complaint. Inmate Account Statement 1. Twenty percent of $330.10 is $66.02. Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $66.02 if he decides to proceed with this case under § 1983.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to pay the appropriate filing fee. If circumstances have changed and Plaintiff cannot pay the amount ordered, Plaintiff should file a renewed motion for leave to proceed IFP, accompanied by an updated prison trust fund account statement covering the most recent six months, explaining such change in circumstances, within **FOURTEEN (14) DAYS** of the date of this Order.

## CONCLUSION

To reiterate, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to either (1) either submit a § 2254 form signaling his intent to proceed with

this case as a federal habeas corpus petition and pay the $5.00 filing fee in full **or** (2) notify the Court, in writing, of his intent to proceed with this action under 42 U.S.C. § 1983 and pay an initial partial filing fee of $66.02.  If Plaintiff cannot pay the required filing fee, he must submit a renewed motion for leave to proceed IFP within **FOURTEEN (14) DAYS** of the date of this Order.  While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's pleadings.**  There will be no service of process in this case until further order.

    **SO ORDERED**, this 1st day of July, 2025.

                                            s/ *Amelia G. Helmick*
                                          UNITED STATES MAGISTRATE JUDGE