IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| KEMMIT L. PRESTON, JR., | : |
| Petitioner, | : |
| v. | : Case No. 4:25-cv-133-CDL-AGH |
| Warden JACOB BEASLEY, | : |
| Respondent. | : |

# ORDER

*Pro se* Petitioner Kemmit L. Preston, Jr., a prisoner at Smith State Prison in Glennville, Georgia, submitted a recast petition on one of the Court's standard forms for seeking federal habeas corpus relief (ECF No. 9).[1] In addition to recasting his pleading on the appropriate form, the Court ordered Petitioner to pay the $5.00 filing fee in full if he chose to file a federal habeas corpus petition, and advised Petitioner that if he could not pay that amount, he could submit a renewed motion for leave to proceed *in forma pauperis* ("IFP") explaining his current inability to pay. Petitioner was given fourteen (14) days from the date of the Order to comply, and was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. *See generally* Order, July 1, 2025, ECF No. 8.

---

[1] Because Petitioner has clarified that he intends to proceed under 28 U.S.C. § 2254, the Clerk is **DIRECTED** to terminate the Muscogee County Superior Court and the Muscogee County Sheriff's Office as Defendants.

The time for compliance expired, and Petitioner failed to paid the filing fee as ordered. As the Court warned Petitioner, the failure to fully and timely comply with an order of the Court is grounds for dismissal. Petitioner is thus **ORDERED** to **RESPOND** and **SHOW CAUSE** why his lawsuit should not be dismissed for failure to pay the $5.00 filing fee.[2] Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to respond <u>and</u> to pay the $5.00 filing fee or submit a renewed motion for leave to proceed IFP explaining his inability to pay within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims. Any renewed motion for leave to proceed IFP should contain an updated copy of Petitioner's prison trust fund account statement for the most recent six months.

Petitioner is reminded to notify the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order will likely result in the dismissal of Petitioner's application for failure to comply.** There shall be no service of process until further order of the Court.

**SO ORDERED**, this 6th day of August, 2025.

                                                s/ *Amelia G. Helmick*
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] In its Order to Clarify, the Court noted that Petitioner's prison trust fund account certification attached to his motion to proceed IFP showed that he had sufficient funds to pay the $5.00 habeas filing fee. Order 4-5, July 1, 2025, ECF No. 8. Because Petitioner chose to proceed with a habeas claim and his submissions show that he has sufficient funds in his account to pay the filing fee, his pending motion to proceed IFP (ECF No. 2) is **DENIED.**